# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| SEANAH DIXON and TONEY A. WHITE,<br><br>                          Plaintiffs<br><br>v.<br><br>ROBERT JARRETT, et al.,<br><br>                          Defendants | Case No. 2:23-cv-00171-JAD-VCF<br><br>ORDER<br><br>(ECF Nos. 32, 33, 35) |

Plaintiffs Seanah Dixon and Toney White bring this civil-rights action to redress constitutional violations that they allegedly suffered while they were incarcerated in the custody of the Nevada Department of Corrections ("NDOC"). On June 30, 2023, the Court allowed Plaintiffs' claims to proceed, stayed this action for 90 days, and referred it to the Court's Inmate Early Mediation Program. (ECF No. 17 at 26). Thereafter, the Office of the Attorney General of the State of Nevada ("AG") entered a notice of appearance on behalf of Interested Party NDOC for the limited purpose of settlement discussions. (ECF No. 19). The Court then set the matter for mediation before a court-appointed mediator, and the mediation conference occurred on October 13, 2023. (ECF No. 31). The parties indicated that they had reached a settlement at the mediation conference, but time constraints prevented them from signing settlement documents then. (*See id.*)

The day after the mediation conference, Plaintiffs filed two motions stating that they were unable to adequately confer with each other before the conference, wanted to "opt out of the tentative settlement terms," and asked the Court to place this action on the litigation track. (ECF Nos. 32, 33). But one week later, Plaintiffs filed a motion stating that they've had time to consult with each other, have a revised settlement offer, and ask the Court to defer ruling on their motions until and unless they file a motion clarifying that the NDOC has rejected their new settlement offer. (ECF No. 35). Plaintiffs alternatively ask the Court to set the matter for a second mediation conference. (*Id.*)

The NDOC filed a response, explaining that although neither Plaintiff has returned the stipulation to dismiss that counsel circulated, Dixon sent correspondence stating that she wants to complete the settlement and White sent correspondence stating that he wants to renegotiate. (ECF No. 36 at 2; *accord* ECF No. 36-3 at 2). The NDOC "is at a loss as to the best response" given the circumstances. (*Id.*) It acknowledges that "there does not appear to be a sufficient record to compel the settlement." (*Id.* at 2, 4). Although the NDOC and AG "are willing to undertake further negotiations[,]" they believe that the Plaintiffs should face "additional costs" in the form of paying the filing fee if they are unwilling to accept "the previously negotiated settlement." (*Id.* at 3).

I.  **DISCUSSION**

Prisoner civil-rights cases under 42 U.S.C. § 1983 generally require significant time and resources to resolve. These costs are perhaps most acutely felt by incarcerated plaintiffs who understandably want swift resolution for alleged constitutional violations but often lack the funds needed to retain an attorney to prosecute their claims. To help minimize these costs, the Court created the Inmate Early Mediation Program, in which eligible § 1983 cases are sent to mediation after the Court screens the complaint.

Defendants in cases that the Court has referred to its mediation program have the right not to make any settlement offers, and plaintiffs have the right not to accept settlement offers. When mediation does not appear likely to be productive and save resources, the Court may choose to remove a case from the program and vacate any scheduled mediation conference. And when mediation appears likely to be productive, the Court may continue a conference to a later date or, in rare circumstances, schedule a second conference.

The mediation process here was atypical because the Court has permitted the Plaintiffs' claims to be joined in a single action for now, subject to certain conditions. (ECF No. 8 at 20–21). It is evident from the briefs that although all parties are frustrated, none currently believes that settlement is beyond reach. It still appears that mediation is likely

to be productive and save resources in this action. Accordingly, the Court will schedule a second mediation conference and continue the stay of this action pending its conclusion.

## II.     CONCLUSION

It is therefore ordered that Plaintiffs' motions to set this action on the litigation track (ECF Nos. 32, 33) are DENIED without prejudice.

It is further ordered that Plaintiffs' motion to stay (ECF No. 35) is GRANTED in part and DENIED in part.

It is further ordered that this action will be scheduled for a second mediation session with a court-appointed mediator.

It is further ordered that the stay of this action is continued pending conclusion of the second mediation session or until further order of this Court.

DATED THIS 20th day of November, 2023.

_____
UNITED STATES MAGISTRATE JUDGE